IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT L. SMITH, JR. )
)
v. ) NO. 3:05-0860
)
CAPTAIN K. BAUGH, et al. )

TO: Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMMENDATION

By order entered October 27, 2005 (Docket Entry No. 8), the Court referred this prisoner civil rights action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court, to enter a scheduling order, for a decision on all pre-trial non-dispositive motions, for a report and recommendation on all dispositive motions, and to conduct any necessary further proceedings.

The plaintiff is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the Whiteville Correctional Facility. By the order of referral, process was issued to twelve defendants on the plaintiff's civil rights claims that he was harassed and retaliated against by prison officials at the Charles Bass Correctional Complex ("CBCC") where he was formerly housed, because of his work as an inmate legal advisor and because of his filing of prison grievances and lawsuits against prison officials. Process has been served upon the eleven of the twelve named defendants. The defendants have filed a motion to dismiss the action (Docket Entry no. 39) which is presently pending before the Court.

Presently pending before the Court is the plaintiff's motion (Docket Entry No. 50 for a temporary restraining order. The plaintiff seeks an order preventing the defendants or other prison officials from transferring or otherwise retaliating against him and also an order reinstating him to

his prison job. The defendants have filed a response (Docket Entry No. 42) in opposition to the motion.

The grant or denial of a preliminary injunction or temporary restraining order is within the sound judicial discretion of the trial court, Virginia Railway Co. v. System Federation, R.E.O., 300 U.S. 515, 551 (1937). The Sixth Circuit has articulated four factors which must be considered in exercising that discretion: (1) whether plaintiff has shown a strong or substantial likelihood or probability of success on the merits; (2) whether plaintiff has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. Mason County Medical Associates v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977); Parker v. U.S. Department of Agriculture, 879 F.2d. 1362, 1367 (6th Cir. 1989).

The plaintiff's request for a temporary restraining order is without merit. The plaintiff has not shown that he will suffer irreparable injury if the requested order does not issue. If he succeeds on the merits of his case, an appropriate remedy can be crafted which will adequately compensate him for any injury that he has suffered. His likelihood of success on his claims is no greater than the defendants' likelihood at this stage of the proceedings. Additionally, the Court will not intervene in internal prison operations without an urgently compelling and extraordinary reason. The plaintiff has not set forth such a reason. The fact that the plaintiff has filed a lawsuit does not mean that he can dictate prison policy or mandate the own terms of his imprisonment. Finally, there is no showing that the public interest will be served by the requested injunctive order.

### RECOMMENDATION

The Court respectfully RECOMMENDS that the plaintiff's motion for a temporary restraining order (Docket Entry No. 5) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                  Respectfully submitted,

                                  */s/ Juliet Griffin*
                                  JULIET GRIFFIN
                                  United States Magistrate Judge