IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT L. SMITH, JR.          )
                              )
         v.                   )    NO. 3:05-0860
                              )
CAPTAIN K. BAUGH, et al.      )

TO:  Honorable Todd J. Campbell, Chief District Judge

## REPORT AND RECOMMENDATION

By order entered October 27, 2005 (Docket Entry No. 8), the Court referred this prisoner civil rights action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court, to enter a scheduling order, for a decision on all pre-trial non-dispositive motions, for a report and recommendation on all dispositive motions, and to conduct any necessary further proceedings.

Presently pending before the Court is the defendants' motion to dismiss (Docket Entry No. 39). The plaintiff has filed a response to the motion (Docket Entry Nos. 44, 47, and 50) and the defendants have filed a reply (Docket Entry No. 46). For the reasons set out below, the Court recommends that the motion be granted in part and denied in part.

### I. BACKGROUND

The plaintiff is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the Whiteville Correctional Facility. By the order of referral, process was issued to twelve defendants on the plaintiff's civil rights claims: Raymond Dittmar, f/n/u Gola, Kenneth Locke, George Keeling, David Brown, Russell Blanton, David Cox, Karen Baugh, William Troup,

David Gillespie, Sheila Howard, and George Busbee. All of the defendants except for defendant Gola have responded to the complaint by filing the pending motion to dismiss.[1]

The plaintiff alleges that he was harassed and retaliated against by the defendants at the Charles Bass Correctional Complex ("CBCC") where he was formerly housed. He attributes this harassment and retaliation to his work as an inmate legal advisor at the CBCC and to his filing of prison grievances and a lawsuit against prison officials.

## II. CONCLUSIONS

Under the Prison Litigation Reform Act ("PLRA"), a prisoner is required to exhaust all available administrative remedies before bringing an action "with respect to prison conditions under section 1983 of this title, or any other Federal law." See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 733 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of Section 1997e(a) is mandatory and cannot be waived by the court. Booth, 532 U.S. at 739; Brown, 139 F.3d at 1104.

Before the district court may adjudicate any claim set forth in a prisoner's complaint, it must determine that the plaintiff has complied with this exhaustion requirement. Brown, 139 F.3d at 1004. The prisoner has the burden of demonstrating that he has exhausted his administrative remedies. Id. He must either attach to his complaint a copy of any decision demonstrating the administrative disposition of his claims or, where no documentation is available, make particular averments regarding the nature of the administrative proceedings and their outcome. See Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To establish that he has exhausted his administrative remedies, the plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003).

---

[1] The U.S. Marshal filed a return of service of the summons and complaint on defendant Gola (Docket Entry No. 21). However, the record does not show that defendant Gola has responded to the complaint in any manner.

In addition to showing that he has pursued his grievances all the way to the end of the grievance process, a plaintiff in this circuit is required to show that the content of his grievances is adequate. Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). This requires him to show: 1) that his grievances have identified each defendant who is sued, Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001); and 2) that his grievances alleged the mistreatment or misconduct on the part of the defendant which is alleged in the complaint. Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003).

The defendants raise two arguments to support their position that the plaintiff has not exhausted his administrative remedies and, thus, the action should be dismissed. First, they contend that, with respect to defendants Locke, Busbee, Troup, and Baugh, the content of the grievances filed by the plaintiff is not sufficient to exhaust his claims against these defendants. Second, they contend that, as to defendants Bush, Howard, Busbee, Blanton, Ditmar, Troup, and Gillespie, the plaintiff fails to show that he pursued his grievances against these defendants to the final level. The defendants assert that the plaintiff's complaint should be dismissed in its entirety because it contains unexhausted claims.

The Court first notes that, although defendants Keeling, Brown and Cox join in the motion to dismiss, these three defendants do not argue that the claims against them have not been exhausted by the plaintiff. They apparently seek dismissal of the claims against them based on the argument that, regardless of whether the action contains some exhausted claims, it must be dismissed if there are also unexhausted claims asserted in the action. At the time the defendants filed their motion, it was not a settled issue within this circuit whether the total exhaustion rule applied and required dismissal of mixed petitions or whether the partial exhaustion rule applied and permitted exhausted claims to proceed while unexhausted claims were dismissed without prejudice. See Spencer, 449 F.3d at 726. As the court in Spencer determined, however, and as has been subsequently confirmed by the Sixth Circuit in two other cases, Bell v. Konteh, 450 F.3d 651, 654-55 (6th Cir. 2006), and Owens v. Keeling, _ F.3d _, 2006 WL 2471963 (6th Cir., Aug. 29, 2006), the partial exhaustion rule

3

is now clearly the law of the Sixth Circuit. Spencer, 449 F.3d at 726.² Accordingly, the motion to dismiss should be denied with respect to defendants Cox, Brown, and Keeling.

Defendant Locke asserts that the plaintiff alleges that Locke retaliated against him by having him reclassified and transferred from the CBCC to another TDOC institution but that the plaintiff failed to name defendant Locke in any of the grievances he filed. While defendant Locke is correct that he was not named in any grievance filed by the plaintiff regarding the alleged retaliatory reclassification and transfer, the plaintiff filed an appeal of his reclassification in accordance with TDOC policy and pursued this appeal to the final stage. See Classification Appeals, dated September 1 and 12, 2005; Letter from Jim Brown, dated September 20, 2005; Docket Entry No. 1 at Exhibit K. In this appeal, he clearly raised the issue of a retaliatory transfer on the part of defendant Locke. Id. The Court in Owens addressed a factually similar situation and found that a prisoner who complained in his lawsuit about an improper classification and transfer satisfied the exhaustion requirement by raising the issue through the classification appeals process. Accordingly, the Court finds that the plaintiff has exhausted his administrative remedies with respect to his claim against defendant Locke.³ The motion to dismiss should be denied with respect to defendant Locke.

Defendants Busbee, Troup, and Baugh all argue that the content of the grievances filed against them by the plaintiff does not satisfy the exhaustion requirement because some of the alleged wrongdoings attributed to them in the complaint are not contained in the plaintiff's grievances. Specifically, defendants Troup and Baugh assert that they are alleged in the complaint, among other things, to have sought to have the plaintiff removed from his prison job but that no such allegation is contained in the plaintiff's grievances against them. See Docket Entry No. 40 at 2. Similarly, defendant Busbee argues that the complaint contains allegations that he threatened the plaintiff with

---

² The court in Spencer specifically noted that the United States Supreme Court has granted certiorari to resolve the question of whether total versus partial exhaustion should apply. Spencer, 449 F.3d at 726.

³ The Court reads the plaintiff's complaint as alleging a single claim against defendant Locke that Locke retaliated against the plaintiff by having him reclassified and transferred.

4

segregation, retaliated against the plaintiff for his success in having disciplinary write-ups dismissed, retaliated against the plaintiff by placing him in segregation for filing a grievance and Title VI lawsuit against him, and by seeking the removal of plaintiff from his prison job. Id.

Determining whether the content of a prisoner's grievances is sufficient for exhaustion purposes requires the court to measure a grievance against the claim brought in the prisoner's subsequent suit. Bell, 450 F.3d at 654. The standard to be applied is not a particularly strict one. Such a relaxed standard is consistent with the general practice of liberally construing pro se prisoner's filings. Bell, 450 F.3d at 653-54. The Sixth Circuit in Burton noted the standard as such:

> In describing the alleged mistreatment or misconduct, . . . we would not require a prisoner's grievance to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against defendant in a prisoner's complaint.

Burton, 321 F.3d at 575. The Sixth Circuit has further noted that the purpose of the grievance is not to provide personal notice to a particular official that he may be sued, but to alert prison officials to a problem so that they have a fair opportunity under the circumstances to address the problem that might later form the basis of the lawsuit. Johnson v. Johnson, 385 F.3d 503, 516-17, 522 (6th Cir. 2004).

The Court agrees with defendants Troup, Baugh, and Busbee that there is no mention anywhere in the plaintiff's grievances that these defendants took any action to have him removed from his inmate job.[4] Indeed, the plaintiffs' removal from his inmate job is not mentioned anywhere in the grievance. See Docket Entry No. 1 at Exhibit L. The question thus becomes whether the alleged act of removing the plaintiff from his inmate job is a discrete enough act, even if motivated

---

[4] The Court notes that the plaintiff's complaint merely alleges that these three defendants "have been running to the Jobs coordinator, Sgt. Allen and the Warden to get the plaintiffs' (sic) job taken." See Complaint at 14, ¶ 39. In his motion and affidavit for a temporary restraining order, however, the plaintiff alleges that the "defendants . . . had him fired from his job as an inmate advisor in retaliation for exposing their conduct concerning disciplinary write-ups and hearings. (Sic) but on the rehearing that plaintiff was found not guilty and given his job back." See Docket Entry No. 6 at 1-2.

5

by a retaliatory motive, that it should have been specifically grieved by the plaintiff or merely an event in a series of retaliatory acts taken by prison officials that need not be separately grieved because the grievances filed by the plaintiff were already sufficient to put prison officials on notice of the problem about which he was complaining.

The Court finds that the alleged removal of the plaintiff from his prison job is a sufficiently discrete act to have required it to be separately grieved by the plaintiff. As such, to the extent that the plaintiff seeks to pursue a distinct claim against any of these defendants based on allegations that they improperly removed him from his prison job, such a claim has not been exhausted and warrants dismissal with respect to defendants Busbee, Troup, and Baugh.[5]

With respect to defendant Busbee's remaining argument that the allegations in the complaint against him do not match the allegations contained in the grievances, the Court finds that the allegations of the complaint that defendant Busbee took various acts against the plaintiff in retaliation for working as an inmate advisor and for filing a grievance are sufficiently akin to the complaints made in the grievance filed against Busbee to satisfy the exhaustion requirement. This is especially so when viewed in the context of the fact that the plaintiff filed his grievance against defendant Busbee at the same time as he filed his grievances against seven of the other defendants. See Docket Entry No. 1 at Exhibit L. All eight of the grievances essentially complain about retaliation and harassment against the plaintiff at the hands of the defendants and, although the grievances are separately filed, the grievances are intertwined and contain cross-references to several of the other defendants and the acts they are alleged to have taken against the plaintiff. Id. It is inconceivable that fair notice was not provided to prison officials, through the plaintiff's grievances, of the problems that form the basis of his lawsuit and, specifically, his claims against defendant Busbee.

---

[5] The dismissal of this claim for failure to exhaust does not mean that information regarding the event cannot be used as evidence, if relevant and otherwise admissible, in proving claims that are exhausted. See Johnson, 385 F.3d at 519, n.10.

The final argument made by the defendants is that the grievances filed by the plaintiff do not satisfy the exhaustion requirement because they were not pursued to the final level by the plaintiff. Each of the eight grievances filed by the plaintiff were returned to him with the explanation:

> You have already filed a grievance on this issue. Inmates shall not be permitted to submit more than one(1) grievance arising out of the same or similar conduct (501.01 VI.H.1)

See Docket Entry No. 1 at Exhibit L. The defendants argue that the TDOC grievance procedure provides that grievances denied at Level I because they are deemed to be non-grievable or inappropriate may be appealed by the inmate to Level III and that the Assistant Commissioner of Operations' office shall make a final response. See Docket Entry No. 40 at 3-4. The defendants argue that the plaintiff has not set forth the response from the Assistant Commissioner's office to his appeals of the denial of his grievances.

The plaintiff responds by asserting that he desired to appeal the denial of the grievances to Level III as indicated by his statements at the bottom of the notices that he wanted to appeal the matter all the way through. He alleges that he was prevented from doing so by Sgt. Klein, who was the officer in charge of processing the appeal paperwork. See Docket Entry No. 44. He asserts that Sgt. Klein refused to allow him to appeal the denials of his grievances despite the plaintiff's protests. Id. See also Complaint at ¶ 61.

The Court finds the plaintiff's allegations sufficient to satisfy the exhaustion requirement. Acts of prison officials which thwart a prison inmate's efforts to pursue his grievance remedies and prevent him from pursuing his remedies or obtaining a response thereto can be viewed as excusing the lack of complete exhaustion by a prison inmate. See Owens, supra; Boyd v. Corrections Corp. Of America, 380 F.3d 989, 996 (6th Cir. 2004). As such, the Court finds the defendants' argument on this issue to be unpersuasive.

7

## RECOMMENDATION

The Court respectfully RECOMMENDS that the defendants' motion to dismiss (Docket Entry No. 39):

1) be GRANTED with respect to the plaintiff's claim that defendants Busbee, Troup, and Baugh removed him or took acts to facilitate his removal from his prison job. This claim should be DISMISSED WITHOUT PREJUDICE; and

2) be DENIED in all other respects.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d. 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge