IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT L. SMITH, JR.            )
                                )
    v.                          )    NO. 3:05-0860
                                )
CAPTAIN K. BAUGH, et al.        )


TO: Honorable Todd J. Campbell, Chief District Judge


### REPORT AND RECOMMENDATION

By order entered February 28, 2007 (Docket Entry No. 98), the trial in this prisoner civil rights action was continued to October 30, 2007, and the action was referred to the Magistrate Judge to enter a new scheduling order, for decision on all nondispositive pretrial matters, and to recommend decision on any dispositive motion. The then-pending motions were addressed by order entered March 7, 2007 (Docket Entry No. 99), and a scheduling order (Docket Entry No. 100) was also entered on March 7, 2007.

The plaintiff is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the Whiteville Correctional Facility. Process was issued to twelve defendants on the plaintiff's claims that he was harassed and retaliated against by prison officials at the Charles Bass Correctional Complex ("CBCC"), where he was formerly housed, because of his work as an inmate legal advisor and because of his filing of prison grievances and lawsuits against prison officials.

Presently pending before the Court is the plaintiff's motion (Docket Entry No. 103) for a temporary restraining order. The plaintiff seeks an order requiring prison officials to transfer him back to the CBCC because that facility has better legal resources than are available at the Whiteville Correctional Facility and so that he can have better contact with his witnesses, who are presumably still housed at the CBCC. He also seeks an order to prevent any harassment, discrimination, or

retaliation against him by prison officials. The defendants have filed a response (Docket Entry No. 106) in opposition to the motion.

The grant or denial of a preliminary injunction or temporary restraining order is within the sound judicial discretion of the trial court, Virginia Railway Co. v. System Federation, R.E.O., 300 U.S. 515, 551 (1937). The Sixth Circuit has articulated four factors which must be considered in exercising that discretion: (1) whether plaintiff has shown a strong or substantial likelihood or probability of success on the merits; (2) whether plaintiff has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. Mason County Medical Associates v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977); Parker v. U.S. Department of Agriculture, 879 F.2d. 1362, 1367 (6th Cir. 1989).

The plaintiff's request for a temporary restraining order is without merit. The plaintiff has not shown that he will suffer irreparable injury if the requested order does not issue. His likelihood of success on his claims is no greater than the defendants' likelihood at this stage of the proceedings. Additionally, the Court will not intervene in internal prison operations without an urgently compelling and extraordinary reason. The plaintiff has not set forth such a reason. The fact that the plaintiff has filed a lawsuit does not mean that he can dictate prison policy or mandate his own terms of his imprisonment. Finally, there is no showing that the public interest will be served by the requested injunctive order.

## RECOMMENDATION

The Court respectfully RECOMMENDS that the plaintiff's motion for a temporary restraining order (Docket Entry No. 103) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

3