IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT L. SMITH, JR.         )
                             )
    v.                       )    NO. 3:05-0860
                             )
CAPTAIN K. BAUGH, et al.     )

TO: Honorable Todd J. Campbell, Chief District Judge

## REPORT AND RECOMMENDATION

By Order entered February 28, 2007 (Docket Entry No. 98), the trial in this prisoner civil rights action was continued to October 30, 2007, and the action was referred to the Magistrate Judge to enter a new scheduling order, for decision on all nondispositive pretrial matters, and to recommend decision on any dispositive motion.

Presently pending before the Court is the Plaintiff's Motion for Summary Judgment and for Sanctions (Docket Entry No. 107). The Defendants have filed a Response (Docket Entry No. 114), to which the Plaintiff has filed a Reply (Docket Entry No. 118).

For the reasons set out below, the Court recommends that the Plaintiff's Motion for Summary Judgment and for Sanctions be denied.

### I. BACKGROUND

The Plaintiff is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the Whiteville Correctional Facility. He filed this action on October 27, 2005, under 42 U.S.C. § 1983 based upon events that occurred at the Charles Bass Correctional Complex ("CBCC"), a TDOC facility where he was formerly housed. The plaintiff claims that he was harassed and retaliated against by prison officials in violation of his constitutional rights because

of his work as an inmate legal advisor and because of his filing of prison grievances and lawsuits against prison officials.

By Order entered October 25, 2005 (Docket Entry No. 8), process was issued to twelve defendants on the Plaintiff's claims: Raymond Dittmar, Angelo Gola, Kenneth Locke, George Keeling, David Brown, Russell Blanton, David Cox, Karen Baugh, William Troup, David Gillespie, Sheila Howard, and George Busbee. By Order entered September 25, 2006 (Docket Entry No. 63), the Court dismissed one of the Plaintiff's claims against three of the Defendants without prejudice because of the Plaintiff's failure to exhaust the claim in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[1]

By Order entered October 25, 2006 (Docket Entry No. 73), the Court stayed proceedings in this case pending the United States Supreme Court's ruling in Jones v. Bock. By order entered February 27, 2007 (Docket Entry No. 96), the stay was lifted.

All of the Defendants except for Defendant Gola have responded to the complaint. See Answer of the Defendants (Docket Entry No. 66). A Scheduling Order (Docket Entry No. 100) has been entered, and the action is currently set for a trial by jury on October 30, 2007. See Docket Entry No. 98.

## II. MOTION FOR SUMMARY JUDGMENT AND SANCTIONS

The Plaintiff seeks summary judgment against Defendant Gola and seeks sanctions against counsel of record for the Defendants in this action, as well as against two TDOC employees, Yuoquconer Epperson and Donna Pair, who are not parties in this case. The Plaintiff's motion is the latest in his quest for a judgment against Defendant Gola and sanctions against the Defendants' counsel. The Plaintiff believes that Defendant Gola has, in fact, been served with process in this action but that counsel and/or other TDOC employees have schemed and lied in order to mislead both him and the Court and make it appear as if Gola has not been served. Because Defendant Gola

---

[1] The dismissed claim was a claim that Defendants George Busbee, William Troup, and Karen Baugh removed him or took acts to facilitate his removal from his prison job.

no longer works for the TDOC and his current whereabouts are unknown, the Plaintiff believes that he has been prejudiced by the actions of those involved in the purported scheme to protect Defendant Gola.

To the extent that the Plaintiff seeks summary judgment against Defendant Gola, the motion should be denied as having no legal or factual merit. On November 21, 2006, the Clerk entered a Notice (Docket Entry No. 87), denying the Plaintiff's Motion (Docket Entry No. 76) for entry of default against Gola. The Clerk found no proof in the record showing that service of process had been made upon Gola.

On December 16, 2005, the U.S. Marshal filed a return of service on Defendant Gola of the summons and complaint. See Docket Entry No. 21. However, in denying the Plaintiff's motion for entry of default, the Clerk properly relied upon the affidavit of Ms. Epperson (Exhibit to Docket Entry No. 82), that Defendant Gola was not employed at the CBCC when the service was reported to have been made, that he had not worked at the CBCC since November 24, 2005, and that the return of service was in error.[2] Ms. Epperson also attested that Administrative Assistant Donna Price had attempted to mail the complaint to Defendant Gola at his forwarding address but the mail was returned as undeliverable and that Defendant Gola had not informed the prison of his current address.

The Court finds that the Clerk's denial of the request for the entry of default was proper. Indeed, Defendant Gola should be dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure since he had not been served with process in this action within 120 days

---

[2] Summons on Defendant Gola were mailed by the U.S. Marshal on November 18, 2005, and Kathy Waldrum, on behalf of the CBCC, advised the Marshal that Defendant Gola had been served on December 8, 2005. See Docket Entry No. 21. The Plaintiff is correct that the Defendants made filings referring only generically to "Defendants." See, e.g. Docket Entry Nos. 42-43, 48-49, 59, 67, and 70-72. However, Defendants' counsel never specifically entered an appearance for Defendant Gola and did, in fact, make filings specifically on behalf of the other named defendants. See, e.g. Docket Entry Nos. 23-24, 26-32, 35, 39, and 61. In addition, the answer (Docket Entry No. 66) was filed specifically on behalf of the other named Defendants and not on behalf of Defendant Gola. In light of the lack of an appearance filed on behalf of Defendant Gola and his absence from the joint Answer filed on behalf of the other Defendants, it is completely unreasonable for the Plaintiff to rely on the Defendants' counsel's reference to generic "Defendants" as a basis for asserting that counsel has indicated that she is representing Defendant Gola.

of the filing of the action. Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the Court shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time. If the plaintiff shows good cause for the failure, the time may be extended for an appropriate period of time. The Plaintiff has not provided the Court with any information that would suggest that he is able to locate or effect service upon Defendant Gola. An extension of time to effect such service would serve no purpose.

The Plaintiff's request for the imposition of sanctions is likewise without merit and should be denied. By Order entered March 7, 2007 (Docket Entry No. 99), the Court denied two previous Motions (Docket Entry Nos. 74-75)[3] made by the Plaintiff for sanctions based on the same arguments advanced in the pending Motion for Sanctions. The Plaintiff did not file a motion for review of the March 7, 2007, Order. The Court finds nothing in the Plaintiff's most recent motion for sanctions which alters the previous conclusion of the Court on this issue. The Plaintiff has simply revisited an issue which has already been determined against him.

## RECOMMENDATION

The Court respectfully RECOMMENDS that:

1) the Plaintiff's Motion for Summary Judgment and for Sanctions (Docket Entry No. 107) be DENIED; and

2) Defendant Angelo Gola be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written

---

[3] In denying these two motions, the Court also considered the Defendants' response (Docket Entry No. 82) and the Plaintiff's reply (Docket Entry No. 92).

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                                Respectfully submitted,

                                                */s/ Juliet Griffin*
                                                JULIET GRIFFIN
                                                United States Magistrate Judge